JAMES F. GELORMINO *v.* STANLEY M. BLAUSTEIN
(11690)

FOTI, LANDAU and SCHALLER, Js.
Argued May 7—decision released June 29, 1993

*Donna Nelson Heller,* with whom were *Richard W. Painter* and, on the brief, *Jennifer B. Rubin,* for the appellant (defendant).

*David L. Weiss,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the order of the trial court granting the plaintiff's application for a prejudgment attachment. The gravamen of the defendant's claims on appeal is that the plaintiff's action was barred by the statute of limitations pursuant to General Statutes § 52-577. We are unable to review this matter, however, because the record is inadequate.

This court recently noted that we cannot render a decision without first having "specific findings of fact to determine the basis of the court's ruling." *State* v. *Rios,* 30 Conn. App. 712, 715, 622 A.2d 618 (1993). "It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061; *Walton* v. *New Hartford,* 223 Conn. 155, 165–66, 612 A.2d 1153 (1992). Indeed, several rules of practice aim to facilitate the process by which an appealing party ensures the adequacy of the record. See Practice Book § 4051 (Rectification of Appeal, Articulation), § 4053 (Motion for Review—In General), § 4054 (Motion for Review—Review of Motion for Rectification of Appeal or Articulation)." *State* v. *Rios,* supra.

In the present case, the trial court has not made any specific findings. A review of the record reveals only that the court found probable cause and granted the plaintiff's application for a prejudgment remedy. At the hearing, the court also indicated that for purposes of the prejudgment remedy proceeding the statute of limitations issue was not dispositive. The court, however, went no further than simply to state these two conclusions. The court has not issued any specific findings. The record, therefore, is inadequate for appellate review.

The judgment is affirmed.