ROCKVILLE FISH AND GAME CLUB, INC. v.
INLAND WETLANDS COMMISSION OF THE
TOWN OF TOLLAND ET AL.
(14993)

PETERS, C. J., and BORDEN, BERDON, NORCOTT and PALMER, Js.

---

Argued September 23—decision released December 6, 1994

*JoAnn Paul,* for the appellant (plaintiff).

*Richard S. Conti,* for the appellee (named defendant).

PALMER, J. This is an appeal by the plaintiff, the Rockville Fish and Game Club, Inc., challenging the validity of a wetlands permit awarded by the defendant inland wetlands commission of the town of Tolland (commission). The defendant Westwood Park, Inc. (Westwood), applied to the commission for a wetlands permit in connection with its proposed development of certain property in Tolland. The commission granted Westwood's application for a permit without conducting a public hearing. The plaintiff, which owns land adjacent to the subject property, appealed from the

commission's decision to the trial court, which dismissed[1] the plaintiff's appeal. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The relevant facts are as follows. In September, 1991, Westwood applied to the Tolland planning and zoning commission for a permit to develop a twenty-eight acre parcel of property located on Dockerel Road. Westwood proposed to develop the property, comprised primarily of woodlands, into a fifteen lot residential subdivision. In conjunction with that application, Westwood also sought a permit from the inland wetlands commission to build a road across certain wetlands located on the property.[2] Westwood's application for a wetlands permit indicated that the construction and maintenance of the road as proposed would result in the disturbance of less than one acre[3] of those wetlands.[4]

---

[1] Although the trial court "denied" the plaintiff's appeal, the preferable usage is to "dismiss" such an appeal.

[2] A total of 2.7 acres of the twenty-eight acre parcel sought to be developed by Westwood is designated as wetlands.

[3] Westwood's application stated that construction of the proposed road would result in the disturbance of 0.08 acres of wetlands. Although the commission made no express finding as to the wetlands acreage to be disturbed by the proposed development, the commission's report to the department of environmental protection on its approval of Westwood's application; see Regs., Conn. State Agencies § 22a-39-14; also stated that 0.08 acres of wetlands were to be disturbed by the project. The trial court, however, apparently in reliance on certain statements contained in Westwood's trial brief, concluded that the commission reasonably could have determined "that the area of the wetlands to be disturbed is .8 acres . . . ." The parties have not raised this issue on appeal, and we therefore do not address it. Moreover, our resolution of the issue is unnecessary because, as we discuss more fully in part I of this opinion, we agree with the trial court that the commission's decision to grant Westwood's application without a public hearing is fully supported by the record of the proceedings before the commission.

[4] In addition to the disturbance of the wetlands that would be caused by the construction and maintenance of the road, Westwood acknowledged that drainage from the road would have an indirect effect on the wetlands.

Westwood's application for a wetlands permit was considered by the commission at its meeting on October 3, 1991. The commission took no action on the application at that time, however, deciding instead to obtain and review additional information concerning the impact of the proposed road construction on the wetlands. Following discussion of the application at its October 17, 1991 meeting, the commission invited the plaintiff to participate in future meetings and to comment upon Westwood's proposal.

The plaintiff is a club whose members use its property primarily for hunting and fishing. The property contains two ponds stocked with trout and several streams that cross the boundary onto Westwood's property at several points. The plaintiff, concerned that Westwood's proposed development would harm the water quality of those streams and ponds, opposed Westwood's application for a wetlands permit at the commission's meetings on October 17, November 7, November 21 and December 5, 1991.[5] Members of the plaintiff club attended each of those meetings, and its president submitted two letters to the commission, including an analysis of the water quality of the wetlands that the plaintiff claimed would be adversely affected by Westwood's proposed development. In addition, JoAnn Paul, an attorney for the plaintiff, and Barbara Obeda, an environmental systems analyst retained by the plaintiff, testified at the commission meeting on December 5, 1991, concerning the potential adverse impact of the proposed development on the surrounding wetlands.[6]

---

[5] The plaintiff raised concerns not only about the impact of the proposed road on the wetlands, but also about the indirect effect that the development of a residential subdivision would have on the wetlands. The record of the meetings of the commission indicates that the commission considered all the issues raised by the plaintiff.

[6] Obeda also submitted a written report of her findings and conclusions to the commission.

The commission approved Westwood's application for a wetlands permit on December 5, 1991. The commission concluded that Westwood's proposal did not constitute a "significant activity" within the meaning of § 2.1aa of the Tolland inland wetlands and watercourses regulations (wetlands regulations)[7] and, therefore, that no public hearing was necessary under § 9.1[8] of those regulations. The plaintiff appealed from the commission's decision to the Superior Court, claiming that the commission was required to conduct a public hearing on Westwood's application for a wetlands permit pursuant to Tolland's wetlands regulations and, in

[7] Section 2.1aa of the Tolland inland wetlands and watercourses regulations provides: " 'Significant activity' means any activity, including, but not limited to, the following activities which may have a substantial effect on the area for which an application has been filed or on another part of the inland wetland or watercourse system:

"1. Any activity involving a deposition or removal of material which will or may have a substantial effect on the regulated area or on another part of the inland wetland or watercourse system, or

"2. Any activity which substantially changes the natural channel or may inhibit the natural dynamics of a watercourse system, or

"3. Any activity which substantially diminishes the natural capacity of an inland wetland or watercourse to support desirable fisheries, wildlife, or other biological life, prevent flooding, supply water, assimilate waste, facilitate drainage, provide recreation or open space or other functions, or

"4. Any activity which causes substantial turbidity, siltation or sedimentation in a wetland or watercourse, or

"5. Any activity which causes a substantial diminution of either flow of a natural watercourse, or groundwater levels of the regulated area, or

"6. Any activity which causes or has the potential to cause pollution of a wetland or watercourse, or

"7. Any activity which destroys unique wetland or watercourse areas having demonstrable scientific or educational value."

[8] Section 9.1 of the Tolland inland wetlands and watercourses regulations provides: "A public hearing shall be held on all applications involving a significant activity. A public hearing may be held on applications which do not involve significant activities if the Commission determines it is in the public interest. (A petition containing the signatures of twenty-five or more persons shall be considered as adequate public interest for the purposes of scheduling a public hearing.) Any person may appear and be heard at any public hearing within the format outlined by the Commission for said hearing."

the alternative, that the commission was required to give notice of its intent to waive a public hearing pursuant to General Statutes § 22a-39 (k).[9] The trial court rendered judgment dismissing the plaintiff's appeal. On appeal to this court, the plaintiff claims that the trial court improperly concluded that the commission had not been required: (1) to conduct a public hearing on Westwood's application for a wetlands permit under the Tolland wetlands regulations; and (2) to publish notice of its intent to waive a public hearing on Westwood's application pursuant to § 22a-39 (k). We affirm the judgment of the trial court.

I

The plaintiff first claims that the trial court improperly determined that the record of the proceedings

_____

[9] General Statutes § 22a-39 provides in relevant part: "The commissioner shall . . . (k) Conduct a public hearing no sooner than thirty days and not later than sixty days following the receipt by said commissioner of any inland wetlands application, provided whenever the commissioner determines that the regulated activity for which a permit is sought is not likely to have a significant impact on the wetland or watercourse, he may waive the requirement for public hearing after (1) publishing notice, in a newspaper having general circulation in each town wherever the proposed work or any part thereof is located, of his intent to waive said requirement, and (2) mailing notice of such intent to the chief administrative officer in the town or towns where the proposed work, or any part thereof, is located, and the chairman of the conservation commission and inland wetlands agency of each such town or towns, except that the commissioner shall hold a hearing on such application upon receipt, within thirty days after such notice has been published or mailed, of a petition signed by at least twenty-five persons requesting such a hearing. The commissioner shall (1) publish notice of such hearing at least once not more than thirty days and not fewer than ten days before the date set for the hearing in a newspaper having a general circulation in each town where the proposed work, or any part thereof, is located, and (2) mail notice of such hearing to the chief administrative officer in the town or towns where the proposed work, or any part thereof, is located, and the chairman of the conservation commission and inland wetlands agency of each such town or towns. All applications and maps and documents relating thereto shall be open for public inspection at the office of the commissioner. The commissioner shall state upon his records his findings and reasons for the action taken . . . ."

before the commission supports the commission's decision to grant Westwood's application for a wetlands permit without conducting a public hearing. This claim is without merit.

Section 9.1 of the Tolland wetlands regulations requires the commission to hold a public hearing on any application for a wetlands permit that involves a "significant activity." Section 2.1aa of those regulations defines "significant activity" as any activity "which may have a substantial effect on the area for which an application has been filed or on another part of the inland wetland or watercourse system . . . ." See footnote 7. Section 2.1aa also lists seven activities as examples[10] of the type of activities that may have a "substantial effect" on wetlands.

The plaintiff claims that because the development proposed by Westwood involves several of the regulated activities enumerated in § 2.1aa,[11] the commission could not properly have concluded that Westwood's application for a wetlands permit did not involve a "significant activity." This argument, however, ignores the definition of "significant activity" in § 2.1aa as an activity that "may have a substantial effect" on wetlands. An activity that may affect wetlands, therefore, is not a "significant activity" within the meaning of the Tolland wetlands regulations unless its potential effect on the wetlands is a substantial one. Because § 9.1 of the Tolland wetlands regulations mandates a public hearing only when the wetlands application involves a "significant activity," a public hearing is not required if the

[10] Section 2.1aa of the Tolland wetlands regulations expressly provides that the seven regulated activities enumerated therein are not exclusive.

[11] Specifically, the plaintiff claims that Westwood's application for a wetlands permit involves four of the seven regulated activities listed in § 2.1aa of the Tolland wetlands regulations, namely, those activities described in 2.1aa (1), (3), (4) and (6). See footnote 7.

activity, including any one or more of the activities enumerated in § 2.1aa, will not have a "substantial effect" on wetlands.

We conclude that the record of the meetings of the commission on Westwood's application for a wetlands permit supports the commission's determination that the proposed activity would have no "substantial effect" on the wetlands and, consequently, that the application did not involve a "significant activity" for which a public hearing was required. The environmental concerns raised by the plaintiff were addressed specifically in the detailed reports and testimony of Christie Barton, the town wetlands agent, David Smith, the town director of development, and Henry Torcellini, a consulting engineer. Relying on the reports and testimony of those witnesses,[12] the commission reasonably could have concluded that the proposed development would have little or no adverse impact on the surrounding wetlands. Indeed, Torcellini testified that the proposed road construction site had been chosen because the portion of the wetlands to be affected by the construction was already disturbed,[13] and Barton stated that the project would actually improve the condition of the affected wetlands area. Moreover, on the recommendation of commission staff, approval of Westwood's application was conditioned on certain improvements to be made by Westwood to the subject property, including the creation of a conservation easement and a water retention basin, designed to eliminate any possible adverse effect of the development on the wetlands.

[12] Commission members and staff also visited the site of the proposed development to observe the property in light of the issues raised by the plaintiff.

[13] Torcellini also testified that the wetlands are narrowest at the point selected for the road construction, and that the proposed site is the only feasible location on Westwood's property for the road.

The commission's determination that Westwood's application for a wetlands permit did not involve a "significant activity" may not be disturbed by a reviewing court if the record of the proceedings before the commission reveals that there was substantial evidence to support its conclusion. See, e.g., *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 588, 628 A.2d 1286 (1993); *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 540–41, 525 A.2d 940 (1987). Moreover, it was the responsibility of the commission to evaluate the credibility of witnesses and to resolve disputed factual issues. *Samperi* v. *Inland Wetlands Agency*, supra, 588; *Huck* v. *Inland Wetlands & Watercourses Agency*, supra, 540–41. The record indicates that the commission carefully considered the conflicting expert testimony and documentary evidence concerning the possible impact of the proposed development on the wetlands. Although the contradictory evidence presented to the commission on the issue of that impact might have supported a contrary conclusion, the commission's determination that Westwood's application for a wetlands permit did not involve a "significant activity" within the meaning of § 2.1aa of the Tolland wetlands regulations was amply supported by the evidence. See *Samperi* v. *Inland Wetlands Agency*, supra, 588; *Huck* v. *Inland Wetlands & Watercourses Agency*, supra, 541–42. Therefore, the trial court properly rejected the plaintiff's claim that the commission's failure to conduct a hearing on Westwood's application for a permit violated the town's wetlands regulations.

## II

The plaintiff also claims that the commission improperly failed to give notice of its intent to waive a public hearing on Westwood's application for a wetlands permit as required by General Statutes § 22a-39 (k). We disagree.

Section 22a-39 (k) provides that the commissioner of environmental protection may waive the requirement of a public hearing on an application for an inland wetlands permit when the regulated activity for which the permit is sought is not likely to have a significant impact on the wetland or watercourse. See footnote 9. The plaintiff argues that the commission was required to comply with this provision before approving Westwood's application for a wetlands permit.[14] This claim lacks merit, however, because § 22a-39 (k) requires only the *commissioner of environmental protection* to give notice of his or her intent to issue a wetlands permit without conducting a public hearing. No such notice requirement is imposed on local wetlands agencies.[15]

Moreover, in contrast to the notice requirement imposed on the commissioner under § 22a-39 (k), General Statutes § 22a-42a (a)[16] provides that local wetlands agencies themselves shall promulgate regulations concerning notice and publication requirements. This grant of authority is consistent both with the public policy to require municipal regulation of activities affecting wetlands and watercourses within the vari-

---

[14] It is undisputed that the commission did not publish a notice of its intention to waive a public hearing on Westwood's application for a wetlands permit.

[15] Indeed, § 22a-39 (k) expressly provides that whenever the commissioner of environmental protection intends to grant an application for a wetlands permit without conducting a public hearing, notice of such intent shall be mailed to the chairman of the local inland wetlands agency where the proposed regulated activity is to take place. Section 22a-39 (k) imposes no requirement on local wetlands agencies to provide such notice to the commissioner or to anyone else.

[16] General Statutes § 22a-42a (a) provides: "The inland wetlands agencies authorized in section 22a-42 shall through regulation provide for (1) the manner in which the boundaries of inland wetland and watercourse areas in their respective municipalities shall be established and amended or changed, (2) the form for an application to conduct regulated activities, (3) notice and publication requirements, (4) criteria and procedures for the review of applications and (5) administration and enforcement."

ous cities and towns; General Statutes § 22a-42 (a);[17] and with the statutory scheme designed to give local agencies broad discretion to oversee wetland activities. *Samperi* v. *Inland Wetlands Agency,* supra, 226 Conn. 592. When the legislature has chosen to impose specific notice requirements on inland wetlands agencies, it has done so in terms that are clear and unambiguous. See, e.g., General Statutes § 22a-42a (c) and (d). Moreover, even in these statutes, the legislature has not required a local agency to give notice of its intent to issue a wetlands permit without a public hearing. The legislature, if it intended to mandate such notice, could easily have expressed this intent. See *State* v. *Metz,* 230 Conn. 400, 410, 645 A.2d 965 (1994); *State* v. *Ortiz,* 217 Conn. 648, 654, 588 A.2d 127 (1991). Because the plaintiff has identified nothing in either the language or legislative history of § 22a-39 (k) to suggest that the legislature intended to require a local wetlands agency to give notice of its intent to waive a public hearing, the commission's approval of Westwood's application without such notice did not violate the requirements of § 22a-39 (k).[18]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[17] General Statutes § 22a-42 (a) provides: "To carry out and effectuate the purposes and policies of sections 22a-36 to 22a-45, inclusive, it is hereby declared to be the public policy of the state to require municipal regulation of activities affecting the wetlands and watercourses within the territorial limits of the various municipalities or districts."

[18] The plaintiff also claims that the Tolland wetlands regulations are inconsistent with § 22a-39 (k) because the regulations do not require notice of the commission's intent to waive a public hearing when the activity for which the permit is sought is not likely to have a significant impact on wetlands. The Tolland wetlands regulations do not conflict with § 22a-39 (k) for the reason we have already stated: § 22a-39 (k) imposes a notice requirement only on the commissioner of environmental protection, not on local wetlands agencies. See *Lizotte* v. *Conservation Commission,* 216 Conn. 320, 333, 579 A.2d 1044 (1990); *Aaron* v. *Conservation Commission,* 183 Conn. 532, 544, 441 A.2d 30 (1981).