## STATE OF CONNECTICUT *v.* GEORGE J. OLSZEWSKI (14285)

Foti, Landau and Heiman, Js.

Argued February 20—decision released March 26, 1996

*Joseph S. Elder*, with whom, on the brief, was *Kirstin B. Coffin*, for the appellant (defendant).

*Denise B. Smoker*, deputy assistant state's attorney with whom were *James E. Thomas*, state's attorney, and, on the brief, *Cynthia Baer*, supervisory assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction rendered by the court, following the acceptance of his plea of nolo contendere[1] to the charge of operating a motor vehicle while his license was under suspension in violation of General Statutes § 14-215 (c). The defendant challenges the trial court's denial of his motion to dismiss.[2] He claims that the trial court

---

[1] The defendant entered a conditional plea of nolo contendere pursuant to General Statutes § 54-94a and Practice Book § 4003.

[2] The motion to dismiss alleged that "the stop and search of his person were illegal and in violation of [his] rights under the state and federal constitutions . . . ."

improperly found that the arrest occurred within the proper jurisdiction of the arresting officer. We are unable to determine what the court found as the record lacks any facts or findings. The defendant has failed to present a written memorandum of decision or a transcribed copy of an oral decision signed by the court explaining the factual basis for its decision in denying the motion as required by Practice Book § 4059. It is the appellant's responsibility to provide an adequate record for review. Practice Book § 4061; *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993); *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993).

The judgment is affirmed.