# BASIL E. KEISER *v.* CONSERVATION COMMISSION OF THE TOWN OF REDDING ET AL.
## (13868)

Heiman, Schaller and Spear, Js.

Argued January 19—officially released April 9, 1996

*Nancy Burton,* for the appellant (plaintiff).

*Edwin C. Pearson,* for the appellee (named defendant).

*Michael N. LaVelle,* for the appellee (defendant water pollution control commission of the town of Redding).

SPEAR, J. The plaintiff appeals from the judgment of the trial court dismissing his appeal from the decision of the named defendant, the Redding conservation commission (commission). The commission had approved the application of the water pollution control commission of Redding (WPCC), also a defendant in this action, without conducting a public hearing. On appeal, the plaintiff claims that the trial court improperly found that substantial evidence existed to support the commission's decisions approving the application and declining to conduct a public hearing. He also claims that the commission's failure to notify an adjoining municipality as to the application deprived the commission of subject matter jurisdiction. We disagree with the plaintiff's claims and affirm the judgment of the trial court.

The trial court recited the following facts and procedural history in its memorandum of decision. On April 7, 1993, WPCC submitted an application to the commission to construct a sewer collection system in the Georgetown area of the town of Redding. The proposed project would affect an area designated as a historic district by the National Register of Historic Places. The commission discussed the application at meetings held on April 20 and May 4, 1993. On May 18, 1993, the plaintiff intervened pursuant to General Statutes §§ 22a-19 (a) and 22a-19a on the ground that the application would be reasonably likely to pollute, impair or destroy the public trust in the natural resources of the state and the historic district.

The commission thereafter unanimously approved the application on the condition that the commission's environmental consultant oversee the installation of sediment and erosion control measures. The trial court dismissed the plaintiff's appeal from that decision, and this appeal followed.

I

The plaintiff first challenges the trial court's finding that substantial evidence existed to support the commission's decision to approve the application.

The plaintiff shoulders the burden of proof when challenging a decision of an administrative agency. *Newtown* v. *Keeney*, 234 Conn. 312, 319, 661 A.2d 589 (1995); *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 587–88, 628 A.2d 1286 (1993); *Red Hill Coalition, Inc.* v. *Conservation Commission*, 212 Conn. 710, 718, 563 A.2d 1339 (1989). A showing by the plaintiff that another decision maker might have reached a different conclusion does not satisfy this burden. *Newtown* v. *Keeney*, supra, 319; *DeBeradinis* v. *Zoning Commission*, 228 Conn. 187, 198, 635 A.2d 1220 (1994). Instead, the plaintiff must establish that substantial evidence does not exist in the record to support the agency's decision. *Samperi* v. *Inland Wetlands Agency*, supra, 587; *Feinson* v. *Conservation Commission*, 180 Conn. 421, 425, 429 A.2d 910 (1980). Should substantial evidence exist in the record to support any basis or stated reason for the agency's decision, the court must sustain the decision. *DeBeradinis* v. *Zoning Commission*, supra, 199; *Primerica* v. *Planning & Zoning Commission*, 211 Conn. 85, 96, 558 A.2d 646 (1989). The reviewing court may grant relief from the agency's decision only where the decision is "arbitrary, illegal or not reasonably supported by the evidence." *Red Hill Coalition, Inc.* v. *Conservation Commission*, supra, 718.

"This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Internal quotation marks omitted.) *Newtown* v. *Keeney*, supra, 234 Conn. 319–20.

The plaintiff correctly asserts that the commission did not state any reasons in support of its decision to approve the application of WPCC. Nonetheless, "it is improper for the reviewing court to reverse an agency decision simply because [the] agency failed to state its reason for its decision on the record. The reviewing court instead 'must search the record of the hearings before the commission to determine if there is an adequate basis for its decision.' " *Samperi* v. *Inland Wetlands Agency*, supra, 226 Conn. 588–89, quoting *Gagnon* v. *Inland Wetlands & Watercourses Commission*, 213 Conn. 604, 611, 569 A.2d 1094 (1990). " 'The evidence, however, to support any such reason must be substantial . . . .' " *Samperi* v. *Inland Wetlands Agency*, supra, 588.

It is reasonable to infer that the commission's approval of the application was based on the unlikelihood that the construction of the sewer collection sys-

tem would pollute the natural resources within the surrounding areas. This basis is well supported in the record. During the meeting at which the commission received the application, the commission's engineer submitted a report that raised seven concerns pertaining to the construction of the collection system. The commission was specifically concerned with the construction that would occur adjacent to Gilbert Bennett Brook, an existing watercourse. The following day, an environmental consulting firm representing WPCC submitted a letter that addressed most of the concerns raised by the engineer. The firm, at a later meeting, answered more questions posed by members of the commission. Further, at the commission's June 15, 1993 meeting, the commission's engineer stated that the "application appears to be in order except that the soil erosion and sediment control measures needed to be stressed." The commission alleviated this concern by requiring its environmental consultant to oversee the installation of sediment and erosion control measures.

The trial court found that the record provided a basis for the commission's decision to approve the application, namely, that the construction of the proposed collection system would not cause unreasonable pollution. Having analyzed the record thoroughly, we conclude that there is substantial evidence to support this determination.

II

The plaintiff next claims that the trial court improperly concluded that the commission was not required to conduct a public hearing prior to approving the application. We disagree.

Pursuant to § 22a-42a (c), "the inland wetlands agency *may* hold a public hearing" no later than sixty-five days after the receipt of an application. (Emphasis added.) Our courts have consistently held that the word

"may" is discretionary and not mandatory. *Seals* v. *Hickey*, 186 Conn. 337, 345–47, 441 A.2d 604 (1982); *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 34, 632 A.2d 1134 (1993). Section 22a-42a (c), therefore, did not require the commission to conduct a public hearing on the application.

Despite the language of § 22a-42a (c), § 5.1 of the town's inland wetlands and watercourses regulations requires a public hearing on "any application which the Commission determines involves a significant activity [or] [w]henever the Commission receives a petition signed by at least twenty-five persons requesting such a [h]earing . . . ." Because no petition was ever received by the commission, we must focus on whether there is substantial evidence in the record to support the commission's conclusion that the application did not involve a significant activity.

Section 2.24 of the town's wetlands regulations defines "significant activity" as "any activity . . . which may have a *major* effect or *significant* impact on the area for which an application has been filed or on another part of the inland wetland, watercourse or aquifer system . . . ." (Emphasis added.) Section 2.24 also provides a nonexclusive list of seven activities that may have a "major effect or significant impact" on wetlands. The plaintiff, relying on one of the enumerated activities listed in the regulations, claims that the construction of the collection system constitutes a significant activity because it "has the potential to cause pollution of a wetland, watercourse, or aquifer system." Nevertheless, this argument overlooks the fact that the regulations require the impact to be "significant." An activity that merely impacts or affects wetlands is not a significant activity; the effect must be major or the impact must be significant.

Our Supreme Court's decision in *Rockville Fish & Game Club, Inc.* v. *Inland Wetlands Commission*, 231

Conn. 451, 650 A.2d 545 (1994), provides ample support for our conclusion. In *Rockville Fish & Game Club, Inc.*, the plaintiff claimed that the inland wetlands commission of Tolland should have conducted a public hearing on the application because it involved a significant activity. Id., 456–57. The Tolland wetlands regulations, as do the Redding regulations, require a public hearing whenever the application involves a significant activity, and similarly define "significant activity" as one "which may have a *substantial effect* on the area for which an application has been filed . . . ." (Emphasis added.) Id. Our Supreme Court, emphasizing the need that the activity have a substantial effect on wetlands, concluded that "[a]n activity that may affect wetlands, therefore, is not a 'significant activity' within the meaning of the Tolland wetlands regulations unless its potential effect on the wetlands is a substantial one." Id.

The trial court in this case determined that the construction did not involve a significant activity because "only two branches of the collection system involved a regulated activity," the "scope of these regulated activities is narrow," and "there was not a likelihood of unreasonable pollution." The record contains substantial support for this finding.

The commission and its engineer expressed concern that the construction of the collection system might cause unreasonable pollution. After the consulting firm representing WPCC addressed this concern and answered other questions posed by the commission, the engineer recommended the approval of the application on the condition that satisfactory sediment and erosion control measures be in place during construction. Substantial support exists in the record to support the determination that the application would not likely cause unreasonable levels of pollution, and, therefore,

would not involve a significant activity. The trial court, thus, correctly found that a public hearing was not required.

## III

The plaintiff last claims that General Statutes § 22a-42b[1] required the commission to notify the town of Wilton, an adjoining municipality, as to the pendency of the application, and that the commission's failure to do so "renders [its] decision voidable." The plaintiff has not provided us with a record adequate to afford meaningful review of this issue. The transcript indicates that the plaintiff did raise this issue at trial, but the court did not address it in its memorandum of decision and the plaintiff did not thereafter file a motion for articulation. It is the sole responsibility of the appellant to provide an adequate record for review. Practice Book § 4061; *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993). Because the plaintiff did not provide us with an adequate record as to the notification issue, we can not review it.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] General Statutes § 22a-42b (a) provides in pertinent part: "The inland wetlands agency of any municipality shall notify the clerk of any adjoining municipality of the pendency of any application . . . concerning any project on any site in which: (1) Any portion of the property affected by a decision . . . is within five hundred feet of the boundary of the adjoining municipality . . . [and] (3) a significant portion of the sewer or water drainage from the project on the site will flow through and significantly impact the drainage or sewerage system within the adjoining municipality . . . ."

In his reply brief, the plaintiff claims that General Statutes § 22a-42c also required the commission to provide notice to the town of Wilton. That statute, however, requires only that *applicants* give notice to any municipality within 500 feet of an inland wetland or watercourse on which a proposed regulated activity will be conducted.