### DMITRY TOLCHINSKY ET AL. *v.* TOWN OF EAST LYME ET AL.
### (15448)

Landau, Schaller and Healey, Js.

Argued September 26—officially released October 29, 1996

*Russell L. Case*, for the appellants (plaintiffs)

*Michael S. Taylor*, with whom, on the brief, was *John B. Farley*, for the appellee (defendant Consulting Environmental Engineers, Inc.).

PER CURIAM. The plaintiffs appeal from the judgment that followed the trial court's granting of the motion filed by the defendant Consulting Environmental Engineers, Inc. (Consulting Engineers),[1] to strike the third count of the amended complaint.[2]

The plaintiffs claim that the trial court improperly granted Consulting Engineers' motion to strike in that the facts alleged in that sole count against it were sufficient to state the existence of a duty owed by Consulting Engineers to the plaintiffs and, thus, stated a viable cause of action. The plaintiffs have failed to present a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court explaining the factual basis for its decision, nor have they served notice on the trial court to provide the parties with a written decision. See Practice Book § 4059. Further, even if we could afford review based on the transcript itself, it would be unavailing here because the trial court failed to place on the record its reasons for granting the motion from which the defendant seeks review. The trial court merely signed the short form order, granting Consulting Engineers' motion to strike.[3] We have consistently stated that it is the responsibility of the appel-

---

[1] The plaintiffs filed claims against six defendants in their amended complaint. Consulting Environmental Engineers, Inc., is the only defendant involved in this appeal.

[2] This appeal is properly before this court pursuant to Practice Book § 4002B, which provides in pertinent part: "A judgment disposing of only a part of a complaint . . . is a final judgment if that judgment disposes of all causes of action in that complaint . . . brought by or against a particular party or parties.

"Such a judgment shall be a final judgment regardless of whether judgement was rendered on the granting of a motion to strike pursuant to Sec. 157 . . . ."

[3] The plaintiffs provided in the record a copy of the trial court's decision addressed to a motion to strike filed by codefendant KWP Associates involving the fourth count of the amended complaint and at argument suggested that this would satisfy the rule requiring that they provide an adequate record. This reasoning defies common sense and our rules of practice. See Practice Book § 4059.

lant to provide an adequate record for review. Practice Book § 4061; *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993); *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). We see no reason to depart from this rule.

The judgment is affirmed.