[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court heard this zoning appeal on May 18, 1999 at which time it was argued at length by able counsel upon briefs prior submitted.
Despite the ostensibly compelling arguments of the statutorily aggrieved appellants, the court is constrained to say that their appeal must be, and hereby is, denied.
It is the determination of the court that the Commission's approval of the Town's application for a special permit, dated September 29, 1997 is not without adequate support in the record and the law cited in the briefs.
Plaintiff-Appellants have not persuaded this court that the Commission acted arbitrarily or illegally in the face of plaintiff's contentions that the skating rink at Longshore is not a proper governmental recreational use under § 11-22.1 of the Town regulations. The various measures of control retained in the agreement with the management entity are adequate support for the Commission's determination. Nor ought the Commission be overturned on the argument that it allowed a prohibited "commercial" use when potential "profits" must, by agreement, go to charity.
Even more clearly the record contains inadequate support for the notion that this rink is an expansion of the Inn, a pre-existing nonconforming use.
"The plaintiff shoulders the burden of proof when challenging a decision of an administrative agency. . . . [T]he plaintiff must establish that substantial evidence does not exist in the record to support the agency's decision. . . . Should substantial evidence exist in the record to support any basis or stated reason for the agency's decision, the court must sustain the decision." (Citations omitted.) Keiser v. ConservationCommission, 41 Conn. App. 39, 41, 674 A.2d 439 (1996). The reviewing court may grant relief from the agency's decision only where the decision is "arbitrary, illegal or not reasonably supported by the evidence." Keiser v. Conservation Commission
supra, 41 Conn. App. 41, quoting Red Hill Coalition, Inc., v.Conservation Commission. 212 Conn. 710, 718, 563 A.2d 1339
CT Page 6788 (1989).
NADEAU, JUDGE