[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Roberta L. and John E. Peters, have brought this administrative appeal to the Superior Court from a final decision by the defendant, City of Bristol Inland Wetlands Commission ("Commission"). The plaintiffs, who are abutting owners of real property, are aggrieved parties. According to the CT Page 947 plaintiffs' brief dated and filed June 21, 1999, the issue here is "whether the application submitted was a significant activity according to the regulations of the Defendant City of Bristol." (Plaintiffs' Brief, June 21, 1999, p. 1.) For reasons set forth below, the court finds the issue in favor of the defendant.
By way of background, the Commission previously approved a regulated activity permit submitted by the defendant W/S Bristol Property. The previously approved plan called for the construction of a detention basin to detain storm water from the site and slowly release the accumulation of water into a stream which flowed through the property. The design of the detention basin called for a bed to be constructed at varying elevations. Of course, this meant that an uneven bottom to the basin would exist. The application (number 968) was presented to the Commission and determined to have been a significant activity. Accordingly, a public hearing was held on the application and the application was approved at a June 29, 1998 meeting. The plaintiffs filed an administrative appeal to this court from that approval which was dismissed on March 25, 1999. See Hurlbut v.Inland Wetlands Commission of the City of Bristol, Superior Court, judicial district of New Britain, Docket No. 499637 (March 25, 1999, Hartmere, J.) The plaintiffs' petition for certification to appeal was denied by the Appellate Court on May 19, 1999.
The original plan was sent to the defendant State of Connecticut Department of Environmental Protection ("DEP") to determine whether a damn safety permit was necessary for the basin. After a review, DEP suggested that if the proposed basin had an even bottom, a damn safety permit would not be required. Thereafter, the defendant W/S Bristol Property, applied to amend its permit in accordance with the proposed modification. This application, number 1042, was received by the Commission on February 11, 1999.
When the application was accepted, the Commission held a discussion as to whether the change to an approved permit constituted a significant activity. The Commission heard from the defendant W/S Bristol Property's attorney and its engineer, and the plaintiffs' attorney and their engineer. Thereafter, the Commission determined that the change was not a significant activity.
The Commission then addressed whether a public hearing was CT Page 948 required or necessary. The Commission determined that under pertinent statutes, General Statutes § 22a-42a(c)(1), a public hearing would be required if the activity was determined to be a significant activity, the matter was of such public importance that the Commission felt a public hearing necessary, or if the public presented a petition within thirty days of the acceptance of the application with twenty-five signatures requesting a public hearing. Thereafter, the application was continued to the next meeting for a decision on the request for modification to the permit without a public hearing, unless a petition was presented in the intervening thirty days. No petition was presented by the public for a public hearing within the thirty day period. At the Commission's March 15, 1999 meeting, those present were allowed to speak subsequent to which, the Commission approved the modification of the permit. This appeal to the Superior Court followed.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183(j)[1]
and is very restricted. Cos Cob Volunteer Fire Co. No. 1, Inc. v.Freedom of Information Commission, 212 Conn. 100, 104 (1989); NewHaven v. Freedom of Information Commission, 205 Conn. 767, 774
(1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises, Inc. v.Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him.Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 49, 327 A.2d 588. See Paul Bailey's, Inc. v.Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114." (Citations omitted; internal quotation marks omitted.) Lawrence v.Kozlowski, 171 Conn. 705, 708 (1976), cert denied, 431 U.S. 969
(1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.) Dolgner v. Alander,
supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of CT Page 949 law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom of InformationCommission, 218 Conn. 757, 761-62 (1991); Domestic ViolenceServices of Greater New Haven, Inc. v. Freedom of InformationCommission, 47 Conn. App. 466, 470-71 (1998).
In the present case, the issue presented is whether the Commission's finding that the activity before it was not a significant activity is supported by substantial evidence in the record. The Commission's determination should not be disturbed by this court if there is substantial evidence in the record to support the Commission's decision. Rockville Fish Game Club,Inc. v. Inland Wetlands Commission, 231 Conn. 451, 459 (1994).
As stated above, the request to modify the existing wetlands permit granted by the Commission here resulted from a review by the Department of Environmental Protection. The proposed modification was to change the bottom elevation of the proposed detention pond from the range of elevation of 304 feet to 305.6 feet to a uniform elevation of 304 feet. This was the only change in the overall proposed plan, which previously had been approved.
At the February 11, 1999 meeting when the application was addressed, the Commission heard testimony from the applicants, their attorney and engineer regarding the significance of the requested modification. The plaintiffs' attorney and their engineer were also present and afforded the opportunity to be heard and present evidence. It was determined that no decision would be rendered on the application for modification until the next monthly meeting in order to allow the plaintiffs and any other interested parties to submit a petition requesting a public hearing as provided for in the local regulations and General Statutes § 22a-42a(c)(1), and to present additional information if deemed appropriate. The plaintiffs did not file a petition and no one appeared at the March 15, 1999 meeting to speak against the application for modification, despite notice to the plaintiffs' attorney and engineer. On March 15, 1999, the Commission approved the requested modification to the wetlands permit at the scheduled meeting. Thus, the record in this matter reveals that the Commission had substantial evidence before it to support its conclusion. Samperi v. Inland Wetlands Agency,
CT Page 950226 Conn. 579, 588 (1993).
The plaintiffs argue that the Commission found that the application was not a significant activity, while the municipal regulation uses the phrase significant impact. However, as the plaintiffs note, significant activity is defined in the municipal regulations as any activity which "may have a major effect or substantial impact" on wetlands or watercourses. (Return of Record (ROR), Item u, section 2.1(t).)
The plaintiffs also argue that any activity which involves the removal of material is a significant activity. Again, the plaintiffs' argument is belied by the regulations on which they rely. The regulations specify "any activity involving . . . removal of material which will or may have a substantial effect or significant impact on the regulated area. . . ." (ROR, Item u, Inland Wetlands and Watercourses Regulations of the Conservation Commission of the City of Bristol, CT, section 2.1(t)(i).) The plaintiffs' argument must fail since absent a finding of substantial effect or significant impact, the removal of material in and of itself is not a significant activity.
Here, the plaintiffs failed to petition the Commission for a public hearing and then failed to appear at the meeting of March 15, 1999 to be heard. The burden of proof to show an absence of substantial evidence in the record to support the Commission's finding is on the plaintiffs. Samperi v. Inland Wetlands Agency,
supra, 226 Conn. 587. The plaintiffs have failed to do so.
Based on the foregoing, this court concludes that there is substantial evidence in the record to support the Commission's finding that the application does not constitute a significant activity. Accordingly, the plaintiffs' administrative appeal from that decision is dismissed.
Michael Hartmere, Judge