[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO MODIFY ARBITRATION AWARD
Pursuant to the Teachers Negotiation Act, General Statutes § 10-153f
(c), the Watertown Education Association ("Association") moves to modify an arbitration award issued under the binding arbitration provisions of the Act. Nine issues were submitted for decision to the tripartite arbitration panel ("panel"). The panel awarded the Association's last best offer in seven of the matters. In issues #8 and #9, pertaining to teacher salaries for the years 2001-2002 and 2002-2003, the panel entered an award in accordance with the Watertown Board of Education's ("Board') last best offer. The difference between the last best offers of the Association and the Board for each of these years was .84% and .69%, CT Page 9030 respectively
The parties agree that pursuant to § 10-153f (c)(8) , the court may modify the decision of the panel only upon a finding that:
 substantial rights of the Union have been prejudiced because such decision is: (A) in violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the panel; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The parties further agree that the scope of judicial review as set forth in § 10-153f (c) is the same as governs appeals pursuant to the Uniform Administrative Procedures Act, General Statutes § 4-183. Under that provision, "[t]he plaintiff shoulders the burden of proof when challenging a decision of an administrative agency. A showing by the plaintiff that another decision maker might have reached a different conclusion does not satisfy this burden. Instead, the plaintiff must establish that substantial evidence does not exist in the record to support the agency's decision. Should substantial evidence exist in the record to support any basis or stated reason for the agency's decision, the court must sustain the decision. The reviewing court may grant relief from the agency's decision only where the decision is 'arbitrary, illegal or not supported by the evidence.'" Keiser v. Conservation Commission,41 Conn. App. 39, 41 (1996) (internal quotations and citations omitted.)
Pursuant to General Statutes § 10-153f (c)(4):
 In arriving at a decision, the arbitrators or the single arbitrator shall give priority to the public interest and the financial capability of the town or towns in the school district, including consideration of other demands on the financial capability of the town or towns in the school district. In assessing the financial capability of the town or towns, there shall be an irrebuttable presumption that a budget reserve of five per cent or less is not available for payment of the cost of any item subject to arbitration under this chapter. The arbitrators or the single arbitrator shall CT Page 9031 further consider, in light of such financial capability, the following factors: (A) The negotiations between the parties prior to arbitration, including the offers and range of discussion of the issues; (B) the interests and welfare of the employee group; (C) changes in the cost of living averaged over the preceding three years; (D) the existing conditions of employment of the employee group and those of similar groups; and (E) the salaries, fringe benefits, and other conditions of employment prevailing in the state labor market, including the terms of recent contract settlements or awards in collective bargaining for other municipal employee organizations and developments.
A review of the panel's written decision discloses that the panel, as required by law, considered and evaluated each of the factors set forth in § 10-153f (c)(4). In considering those factors, the panel made detailed factual findings with respect to the applicable criteria. The Union claims that there is not a substantial factual basis for the panel's findings and conclusions. It argues, as the Board conceded at the hearing, that the Board has the financial capability to sustain the salary structure proposed by the Union. That concession, however, does not require, as suggested by the Union, that the panel must automatically adopt the salary structure suggested by the Union in its last best offer. The plain language of § 10-153f (c)(4) makes clear that while the financial capability of the town shall be given priority by the arbitrators, it is not the sole and exclusive factor to be considered by the panel. Rather, the statute requires that "[t]he arbitrators shall further consider, in light of such financial capability. . .", the other five factors set forth in § 10-153f (c)(4) (Emphasis supplied) . The panel's decision clearly reflects that it properly considered not only the financial capability of Watertown, but also the other statutorily enumerated factors. Under these circumstances, there is no basis for this court modifying the panel's decision.
In its attempt to vacate the panel's decision, the Union offers a catalogue of other factual findings by the panel that it disputes. The short answer to the Union's claim is that while it may disagree with the ultimate factual findings of the panel, there is a substantial evidentiary basis for those findings. As our courts have repeatedly stated when reviewing administrative decisions, "[a] showing by the plaintiff that another decision maker might have reached a different conclusion does not satisfy [the] burden" of demonstrating the absence of a substantial factual basis to support the agency's decision. Id. Because the Union has failed to make such a showing, and in the absence of any CT Page 9032 additional claim that the panel's decision is otherwise in violation of constitutional or statutory provisions, in excess of its statutory authority or made upon unlawful procedure, its Motion to Modify Arbitration Award is denied.
SO ORDERED.
 _________________________, J. ROBERT L. HOLZBERG